United States District Court
Southern District of Texas
**ENTERED**
December 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARDELL NELSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §    CIVIL ACTION NO. 2:19-CV-00371 |
| | § |
| LORI DAVIS, *et al.*, | § |
| | § |
| Defendants. | § |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S MOTION TO REINSTATE CASE

Plaintiff Ardell Nelson, a Texas inmate appearing *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on or about December 3, 2019. (D.E. 1). At the time Plaintiff filed his complaint, he was housed at the McConnell Unit in Beeville, Texas.

On December 13, 2019, United States District Judge Nelva Gonzales Ramos dismissed this action, concluding that Plaintiff was barred from proceeding *in forma pauperis* under the three strikes provision of 28 U.S.C. 1915(g).[1] (D.E. 6). The Court

---

[1] In the dismissal order, Judge Ramos noted that Plaintiff had accumulated over three strikes for filing frivolous lawsuits as an inmate. *See* 28 U.S.C. 1915(g) (prisoner with three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim is prohibited from bringing any more actions or appeals *in forma pauperis*); *Nelson v. Thaler*, No. 2-10-cv-202 (N.D. Tex. Sept. 7, 2010) (Order of Dismissal) (Listing three of Plaintiff's previous strikes); *Nelson v. Lehmberg et al.*, No. A-14-CA-164-SS (W.D. Tex. Feb. 26, 2014) (Order of Dismissal) (Listing additional strikes).

instructed Plaintiff that he may move to reinstate this case upon payment of the full $400.00 filing fee within twenty-eight days from December 13, 2019. (D.E. 6, p. 2).

On January 2, 2020, the Court received Plaintiff's "Memorandum in Response to Defendant's Motion to Dismiss for Failure to State a Claim." (D.E. 7). In a letter dated October 25, 2021, Plaintiff requested a status update on the motion to dismiss. (D.E. 8). The Court subsequently entered a Final Judgment on October 29, 2021, explaining therein that Plaintiff had failed to submit the full filing fee within twenty-eight days of the December 13, 2019 Dismissal Order. (D.E. 9).

On November 12, 2021, Plaintiff filed a Notice of Change of Address, indicating that he had been transferred to the Southeast Transitional Center in Houston, Texas. (D.E. 12). On October 15, 2021, the Court received Plaintiff's Motion to Reinstate Case. (D.E. 11). In his motion, Plaintiff states that he recently received the December 13, 2019 Dismissal Order, that he was somehow denied legal access to the courts, and that he no longer was confined at the McConnell Unit. (D.E. 11).

The Court construes Plaintiff's Motion to Reinstate Case as a motion seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet*

*v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.*

Plaintiff has presented nothing to alter the Court's decision to dismiss this case and enter final judgment against him. A review of Court records reflects that the December 13, 2019 Dismissal Order was mailed to Plaintiff's McConnell Unit address at the time he was housed there. Curiously, while no motion to dismiss was ever submitted in this case, Plaintiff filed a response asking the Court not to grant the motion for failure to state a claim for relief. Common sense suggests that Plaintiff may have filed this document as his response to the Court's December 13, 2019 Dismissal Order. Regardless, Plaintiff provides no specific or credible explanation as to why he received the Final Judgment and not the dismissal order.

Lastly, Plaintiff offers no argument to show how the dismissal of this case under § 1915(g) was inappropriate or why he should be allowed to pay the filing fee at this late date. Because he fails to show a manifest an error of law or fact entitling Plaintiff to any relief, the undersigned respectfully recommends that Plaintiff's Motion to Reinstate Case, construed as a Rule 59(e) motion (D.E. 11), be **DENIED**.

Respectfully submitted on December 3, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).